```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|                                      |                        |
|--------------------------------------|------------------------|
| JANITO DECARVALHO,         )         |                        |
|         Petitioner,        )         |                        |
|                            )         | CIVIL ACTION           |
|     v.                     )         | NO. 21-11946-WGY       |
|                            )         |                        |
| ANTONE MONIZ, et al.,      )         |                        |
|         Respondents.       )         |                        |
|                            )         |                        |

YOUNG, D.J.

**ORDER**

On December 3, 2021, Janito DeCarvalho, through counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Petitioner paid the $5.00 filing fee.

Petitioner has filed an assented to motion to transfer the case to the United States District Court for the District of New Hampshire.  The supporting memorandum states that petitioner, having been confined to the Plymouth County Correctional Facility in Plymouth, Massachusetts, was transferred to the Strafford County House of Corrections in Dover, New Hampshire, on November 30, 2021.

28 U.S.C. § 1631 permits the Court to transfer this action "if it is in the interest of justice, ... to any other court in

which the action ... could have been brought at the time it was filed."  Here, because this petition was filed in the District of Massachusetts after petitioner's transfer to the Strafford County House of Corrections, this Court is without jurisdiction to entertain this petition.[1]

The Court finds that it is in the interest of justice to transfer this action to the District of New Hampshire pursuant to 28 U.S.C. § 1631.

This Court hereby orders that:

1. The assented to motion to transfer is allowed and the Clerk shall transfer this case to the United States District Court for the District of New Hampshire.

2. The Clerk is further directed to close this case.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DATED: December 7, 2021        UNITED STATES DISTRICT JUDGE

---

[1] "In accord with the ... immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held..." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). The "plain language" of 28 U.S.C. § 2241, the habeas statute under which petitioner is suing, "confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443.